[Cite as *State v. Sandy*, 2011-Ohio-5088.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 11-COA-004 |
| | : | |
| | : | |
| MICHAEL L. SANDY | : | O P I N I O N |
| Defendant-Appellant | | |


CHARACTER OF PROCEEDING:      Criminal Appeal from Ashland County
                              Court of Common Pleas Case No.
                              10-CRI-098

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       September 28, 2011

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

RAMONA FRANCESCONI-ROGERS              ERIN N. POPLAR
Ashland County Prosecutor              1636 Eagle Way
Ashland County, Ohio                   Ashland, Ohio  44805

BY: PAUL T. LANGE
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio  44805

*Edwards, J.*

{¶1} Appellant, Michael L. Sandy, appeals a judgment of the Ashland County Common Pleas Court convicting him of two counts of receiving stolen property (R.C. 2913.51(A)) upon a plea of guilty and sentencing him to 180 days incarceration in the Ashland County jail, where he would be held until he could be assessed and admitted to a community-based correctional facility for six months, and five years of community control.

## STATEMENT OF FACTS AND CASE

{¶2} Appellant is 33 years old and has been in and out of prison from the time he was first bound over for trial as an adult at the age of 17 and sentenced to 3-15 years in prison. As noted by the trial court, the only time appellant is not committing offenses is when he's locked up. Tr. 12. Appellant has a history of substance abuse, primarily heroin. The longest time appellant spent out of prison in his adult life was a two year period from 2004-2006. During this time he married and had a daughter.

{¶3} On September 24, 2010, appellant was indicted by the Ashland County grand jury on two counts of receiving stolen property and one count of forgery (R.C. 2913.31(A)(2)). The counts related to appellant's use of stolen credit cards. Appellant pleaded guilty to the two counts of receiving stolen property and the forgery count was dismissed.

{¶4} The case proceeded to the sentencing hearing. The trial court found itself in a "difficult quandary" regarding sentencing because of appellant's propensity to reoffend virtually every time he was not incarcerated. The court sentenced him to 180 days at the Ashland County jail, where he would be held until he could be assessed for

admission to a community-based correctional facility. If admitted to such facility he would serve 6 months. Appellant was sentenced to 5 years community control following completion of his residential sanctions, including one year of intensive supervision. He assigns a single error on appeal:

{¶5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED APPELLANT TO SERVE FIVE YEARS OF COMMUNITY CONTROL."

{¶6} Appellant argues that he should have been sentenced to two years community control instead of five years:

{¶7} "Appellant contends that the trial court abused its discretion when it imposed the maximum term of community control on him, for five years, because imposition of five years of community control is unreasonable in light of Appellant's past experience in the Ohio corrections and rehabilitative system. Appellant has never successfully completed community control sanctions while out of jail for more than six months. Appellant wishes to better himself and his life but the expectation that he will remain on community control for five years is an unrealistic expectation and merely sets Appellant up for failure. Appellant also fears that the term of community control will preclude him from living with his ex-wife and daughter, which is his sincere hope for the future. A community control sanction for two years, rather than five, would afford Appellant the time and opportunity to prove himself. If Appellant can successfully complete two years on community control (with the first year on intensive supervision), he can probably live outside of the Ohio rehabilitative system for good. If Appellant is not successful on community control, he will likely violate his probation before completing two years." Brief of appellant, page 6.

**{¶8}** The State argues that appellant does not have a right to appeal his sentence pursuant to R.C. 2953.08:

**{¶9}** "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

**{¶10}** "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 or section 2929.142 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:

**{¶11}** "(a) The sentence was imposed for only one offense.

**{¶12}** "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.

**{¶13}** "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of

those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.

{¶14} "(3) The person was convicted of or pleaded guilty to a violent sex offense or a designated homicide, assault, or kidnapping offense, was adjudicated a sexually violent predator in relation to that offense, and was sentenced pursuant to division (A)(3) of section 2971.03 of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. As used in this division, "designated homicide, assault, or kidnapping offense" and "violent sex offense" have the same meanings as in section 2971.01 of the Revised Code. As used in this division, "adjudicated a sexually violent predator" has the same meaning as in section 2929.01 of the Revised Code, and a person is "adjudicated a sexually violent predator" in the same manner and the same circumstances as are described in that section.

{¶15} "(4) The sentence is contrary to law.

{¶16} "(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(2)(a) of section 2929.14 of the Revised Code.

{¶17} "(6) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code."

{¶18} The State argues that the only subsection which would apply in this case is that the sentence is contrary to law, and appellant does not make such an argument. We agree that this appeal does not appear to fall under this statute. In any event, appellant's argument is patently without merit. The trial court should not be hampered

in its efforts to craft a workable sentence by the fact that appellant has been completely unable to stay out of prison in the past and possibly will not be able to successfully complete any term of community control. However, appellant asked the court for five years of probation:

{¶19} "And I just want that chance to show that I can be a productive person of society. And I want to show Ashland County that I can do probation. I can do two, three, or five years of probation, and I want to be a person where I am in their offices all of the time, maybe helping them out, maybe going and talking to people. I want that change. . . .I want, Your Honor, all I am asking you is just please find it in your heart to give me that one chance, no one expects Michael Sandy to make the three to five years community control. . . . And I want you to give me that chance to prove them wrong so that I can make it." Tr. 7-8.

**{¶20}** The assignment of error is overruled.

**{¶21}** The judgment of the Ashland County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0805

[Cite as *State v. Sandy*, 2011-Ohio-5088.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL L. SANDY | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-COA-004 |

    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES